**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THOMAS BRAGG,   ) | CASE NO.  3:13-cv-01477 |
| ) | |
| Petitioner,   ) | JUDGE DONALD C. NUGENT |
| ) | |
| v.   ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| WARDEN, LONDON CORRECTIONAL  ) | |
| INSTITUTION   ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent.   ) | |

Petitioner, Thomas Bragg ("Bragg "), challenges the constitutionality of his conviction in the case of *State v. Bragg*, Lucas County Court of Common Pleas Case No. CR-2008-2630. Bragg, *pro se*, filed a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on December 12, 2012 in the United States District Court for the Southern District of Ohio.  The petition was transferred to the Northern District of Ohio on July 9, 2013.  (ECF 6.)  On November 25, 2013, Warden Kevin Jones of the Allen/Oakwood Correctional Institution[1] ("Respondent") filed an Answer/Return of Writ.  (ECF No. 11.)  Bragg did not file a Traverse. For reasons set forth in detail below, it is recommended that Bragg's petition be DISMISSED as time barred.

---

[1] Bragg stated that he was transferred from the London Correctional Institute to the Allen/Oakwood Correctional Institution sometime in 2013. (ECF No. 11-1, Exh. 29.)

### I. Procedural History

**A. Conviction**

During its May 2008 term, a Lucas County Grand Jury charged Bragg with two counts of attempted murder in violation of Ohio Revised Code ("O.R.C.") § 2903.02(A) & (B), and one count of felonious assault in violation of O.R.C. § 2903.11(A)(2). (ECF No. 1-1, Exh. 1.)

On July 23, 2008, at the request of appointed defense counsel, the trial court referred Bragg for a psychological evaluation to the Court Diagnostic and Treatment Center in order to determine his competency to stand trial. (ECF No. 11-1, Exh. 2.) A report was prepared by Dr. Thomas Sherman and a hearing was held on September 8, 2008, where said report was admitted into evidence. (ECF No. 11-1, Exh. 3.) Based on Dr. Sherman's report, the trial court found Bragg competent to stand trial. *Id*. At arraignment, Bragg entered a plea of "not guilty" and "not guilty by reason of insanity." *Id*. In light of his insanity plea, Bragg was referred to Dr. Wayne Graves of Central Behavioral Healthcare for evaluation. *Id*. According to Dr. Graves' report, prepared on September 27, 2008, Bragg had a "relatively significant" level of post-traumatic stress disorder and a "series of rather serious psychiatric illnesses." (ECF No. 11-1, Exh. 10.) Nonetheless, Dr. Graves opined that Bragg was able to understand the wrongfulness of his conduct at the time of the offense.[2] *Id*.

On January 20, 2009, the day trial was set to begin, defense counsel reported that Bragg and the State had entered a plea agreement. (ECF No. 11-4, Tr. 3.) Bragg withdrew his former

---

[2] Bragg also moved to dismiss the indictment arguing a lack of jurisdiction because the offense occurred in Michigan, not Ohio. (ECF No. 11-1, Exh. 5.) The trial court denied the motion, finding that Bragg had engaged in a continuing course of conduct that began in Ohio and formed the requisite intent to commit the alleged crimes in Ohio. (ECF No. 11-1, Exh. 8.)

-2-

plea and, after an extensive colloquy, entered a plea of no contest to the charge of attempted murder as contained in Count One of the indictment. (ECF No. 11-4, Tr. 3-12, 16-17.) The remaining counts were dismissed. *Id*.

On February 25, 2009, the court held a hearing and sentenced Bragg to a term of nine years. (ECF Nos. 11-1, 11-5.)

**B.  Direct Appeal**

On March 23, 2009, Bragg, through new counsel Lawrence Gold, filed a Notice of Appeal with the Court of Appeals for the Sixth Appellate District ("state appellate court") raising the following assignments of error:

   1. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §10 of the Constitution of the State of Ohio.

   2. Due to appellant's documented mental impairments his plea was not entered knowingly or voluntarily.

   3. The trial court abused its discretion and erred to the prejudice of appellant at sentencing by imposing a prison term in excess of the minimum in violation of appellant's right to due process under the Sixth and Fourteenth Amendments to the United States Constitution.

(ECF Nos. 12 & 16.)

On July 23, 2010, Bragg's conviction was affirmed.[3]  (ECF No. 18.)

Bragg did not file a timely appeal with the Supreme Court of Ohio. However, on September 6, 2012 – over two years later – Bragg filed a motion for delayed appeal with the

---

[3] On April 2, 2009, the state appellate court, *sua sponte*, remanded the matter to the trial court for twenty days to issue a revised sentencing entry that specifically stated the defendant was found guilty. (ECF No. 11-1, Exh. 13.) The matter was reinstated by the appellate court on April 8, 2009 after the trial court complied. (ECF No. 11-1, Exhs. 14 & 15.)

Supreme Court of Ohio. (ECF No. 11-1, Exhs. 19 & 20.) On October 24, 2012, the Supreme Court of Ohio denied Bragg's motion and dismissed the appeal. (ECF No. 11-1, Exh. 21.)

**C. Federal Habeas Petition**

On December 12, 2012, Bragg filed a Petition for Writ of Habeas Corpus asserting the following grounds for relief:

> **GROUND ONE:** Petitioner was deprived of the effective assistance of counsel where counsel failed to request an expert psychological witness on the effects of militarily induced PTSD in violation of the Sixth and Fourteenth Amendments.
>
> **GROUND TWO**: Petitioner was deprived of the effective assistance of counsel where counsel's motion to dismiss for lack of jurisdiction and venue cited to and relied upon the wrong legal standards which resulted in the denial of an otherwise winnable motion, in violation of the Sixth and Fourteenth Amendments.
>
> **GROUND THREE**: Petitioner's documented mental state rendered his no contest plea not knowing, voluntary or intelligent, in violation of his Fifth and Fourteenth Amendment right to due process of law.
>
> **GROUND FOUR**: Petitioner's right to trial by jury and to due process of law was violated by the trial court making fact findings reserved for the jury to increase his sentence beyond the otherwise presumptive statutory maximum, in violation of the Sixth and Fourteenth Amendments.

(ECF No. 1.)

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the

> conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.    One-Year Limitation**

Respondent asserts that Bragg's petition is time-barred because he did not file within the one-year limitations period. Respondent contends, and this Court agrees, that Bragg's conviction became final on September 7, 2010, forty-five (45) days after the state appellate court affirmed his conviction and the time to file a timely notice of appeal with the Supreme Court of Ohio expired. (ECF No. 11 at 9.) Ohio S.Ct. R. 2.2(A)(1) required appeals to be perfected within 45 days.[4]

Nonetheless, the AEDPA tolls the one-year limitations period during the time "'a properly

---

[4] The state appellate court's decision is dated July 23, 2010. September 6, 2010, therefore, was the last day Bragg could have filed a timely appeal with the Ohio Supreme Court. The Ohio Supreme Court adopted new rules of practice, which became effective on January 1, 2013. The 45-day time period has not been changed, though the new rules can be found at Ohio S.Ct. R. 6.01(A)(1) & 7.01(A)(1).

-5-

filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*

Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Here, the statute of limitations began running on September 7, 2010, and expired on

-6-

September 6, 2011. Bragg asserts that he placed his habeas petition in the prison mail system on November 29, 2012, though his petition was not received until December 12, 2012. (ECF No. 2 at 14.) Even using the earlier date, Bragg's petition was filed more than fourteen months after the statute of limitations had expired.[5] Neither Bragg's motion for delayed appeal, filed on September 6, 2012, nor two motions for judicial release filed in 2013 had any tolling effect on the already expired statute of limitations. (ECF No. 11-1, Exhs. 19, 22 & 28.) Therefore, unless equitable tolling is appropriate or Bragg is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B.      Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Bragg has not argued that the factual predicate of his claims could not have been discovered until a later date. Furthermore, such an argument would be unreasonable in light of Bragg's grounds for relief. He argues that trial counsel was ineffective during the plea and sentencing phase of his case; that his plea of no contest was not knowing, intelligent and voluntary; and, that his sentence violated due process. (ECF No. 1.) The factual predicates of all these claims were immediately

---

[5] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). In cases where it is unclear when an inmate deposits legal documents with prison officials, courts have assumed that it was done on the date the document was purportedly signed. *See Hollins v. Pineda*, 2012 U.S. Dist. LEXIS 102522, 2012 WL 3023263 at * 3, fn 6 (N.D. Ohio May 30, 2012); *Porter v. Konteh*, 2009 U.S. Dist. LEXIS 113217, 2009 WL 4282911 at * 5-7 (N.D. Ohio, Nov. 30, 2009); *United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999).

discoverable by Bragg at the conclusion of trial and after sentencing.

**C.    Equitable Tolling**

Finally, the Court finds that equitable tolling is not appropriate. Bragg did not make a tolling argument through a Traverse after Respondent raised the statute of limitations defense. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable). In order to be entitled to equitable tolling, Bragg must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999). Nonetheless, Bragg does argue equitable tolling in his petition, and asserts that he was never advised by appellate counsel that his direct appeal had been denied by the state appellate court. (ECF No. 2 at 13.) He further avers that he stumbled upon the fact that his appeal had been denied in July of 2012 while perusing LEXIS at the prison law library. *Id*.

Bragg's self-serving statement is simply not credible. Respondent has attached a copy of a letter from Bragg's appellate counsel, Lawrence Gold, that is dated July 24, 2010 – the day after the state appellate court's decision. (ECF No. 11-1, Exh. 30.) The letter, addressed to Bragg at the Toledo Correctional Institute, informs Bragg that his appeal was denied and also, by its express language, indicates that a copy of the decision was enclosed. *Id*. The letter also informs Bragg that an appeal to the Ohio Supreme Court must be perfected within 45 days. *Id*. In addition, any

-8-

assertion that the letter was never sent or that Bragg never received the letter is simply untenable. Respondent has also attached to the Answer/Return of Writ a "Legal Mail Log." (ECF No. 11-1, Exh. 31.) The log indicates that a letter was received by the institution on July 26, 2010 addressed to Bragg from an "L. Gold Law Office." *Id*. The log further bears an inmate signature which appears to match the signature on Bragg's habeas petition, and indicates the inmate's date of receipt as July 27, 2010. *Id*. As such, Bragg cannot credibly argue that he was pursuing his rights diligently or that some extraordinary circumstance stood in his way.

Even if the Court were to credit Bragg's assertion that appellate counsel failed to inform him that his appeal was denied, such an assertion does not necessarily entitle him to equitable tolling. In *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012), the Sixth Circuit found that the petitioner did not "diligently monitor the status of his appeal" by waiting three years to file his first post-conviction petition despite an allegation that counsel did not inform him of the outcome of his appeal. *See also Thomas v. Warden, London Corre. Inst.*, 2014 U.S. Dist. LEXIS 114353 (S.D. Ohio Aug. 18, 2014) ("assuming, without deciding, that petitioner's claims regarding his appellate attorney amount to an extraordinary circumstance," the petitioner was not diligent in pursuing his rights as he failed in his duty to monitor the status of his appeal by waiting over two years to check on its status); *Muhammad v. Donahue*, 2014 U.S. Dist. LEXIS 107811 (E.D. Tenn. Aug. 6, 2014) (finding that because the petitioner was inactive for more than one year, he was not reasonably diligent in pursuing his rights).

Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

**D. Actual Innocence**

In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931. The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Here, Bragg has not argued that he is actually innocent, nor has he pointed to any new, reliable evidence that could support such a claim.

### III. Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

>　/s/ *Greg White*
> U.S. Magistrate Judge

Date: November 7, 2014

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**